IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JALIL SHAKUR REED,                    :
    Plaintiff,                        :
                            :

v.                                    :        **CIVIL ACTION NO. 26-CV-0425**
                             :

KEVIN BONE, *et al.*,                 :
    Defendants.                       :

## ORDER

AND NOW, this 26th day of May, 2026, upon consideration of Plaintiff Jalil Shakur Reed's Amended Complaint (ECF No. 16), it is **ORDERED** that:

1.      The Clerk of Court is **DIRECTED** to **ADD** Montgomery County as a named Defendant.

2.      All claims under the Religious Freedom Restoration Act, all individual capacity Religious Land Use and Institutionalized Persons Act (RLUIPA) claims against the Defendants, the duplicative official capacity RLUIPA claims against Kevin Bone and Carl Clevenstine, any claim under the Pennsylvania Constitution, any request for injunctive relief on behalf of others, and all claims against Rabbi Moishe Mayir Vogel and Rabbi Aryeh Blaut are **DISMISSED WITH PREJUDICE**. The remaining RLUIPA claim against Montgomery County and First Amendment claims against Bone and Clevenstine will proceed to service.

3.      The Clerk of Court is **APPOINTED** to serve written waiver requests on the following Defendant(s), pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service:

    a.  Montgomery County

    b.  Kevin Bone

c. Carl Clevenstin

4.      The waiver of service requests shall be mailed to all Defendants at Montgomery County Correctional Facility, 60 Eaglesville Road, Eaglesville, Pennsylvania 19403; shall be accompanied by a copy of the Amended Complaint (ECF No. 16); and shall inform the Defendants of the consequences of compliance and failure to comply with the requests.  The requests shall allow the Defendants at least 30 days from the date they are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers.

5.      If a signed waiver is not returned within the time limit given, the Court will issue subsequent orders to attempt to effect service by the U.S. Marshal in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).

6.      The Clerk of Court is **DIRECTED** not to issue summonses until further Order of this Court.

7.      No discovery will take place in this case until the Court enters a Scheduling Order or other Order permitting discovery.  This means the Court **will not consider discovery motions** unless or until discovery is authorized.  At this early stage of the case, it cannot yet be determined if a hearing or discovery will be necessary for the disposition of this case.

8.      Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*) in accordance with Federal Rule of Civil Procedure 5(b), and Local Rule 5.1.2 where applicable, and should include any certificate of service required by Rule 5(d).

9.      Any request for court action shall be set forth in a motion, properly filed and served.  The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court.  The Federal Rules of Civil Procedure and Local Rules are to be followed.

Reed is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

10. Once discovery is permitted, Reed should note Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." In accordance with Local Rule 26.1(f), Reed shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

11. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

12. In accordance with Local Rule 5.1(b), the parties should notify the Clerk's Office of a new address within fourteen (14) days of an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

13. Reed may file a motion for voluntary dismissal of this case at any time if Reed decides not to pursue it. In making this decision, Reed should consider the statute of limitations.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

3